[Cite as *State v. Haggins*, 2022-Ohio-1502.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                       No. 110880

    v.                                      :

ERIC HAGGINS,                           :

    Defendant-Appellant.         :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 5, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-654440-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Alaina Hagans, Assistant Prosecuting Attorney, *for appellee.*

Valore & Gordillo and Michael J. Gordillo, *for appellant.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant Eric Haggins ("Haggins") appeals the trial court's sentence under S.B. 201 known as the Reagan Tokes Law on the ground that the law is unconstitutional. We affirm.

## I. Facts and Procedural History

{¶ 2} Haggins pleaded guilty in a package deal in the following cases for the following counts:

*State v. Haggins*, Cuyahoga C.P. No. CR-20-654275:

Count 1      Felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second-degree.

Count 3      Discharge of a firearm on or near a prohibited premises, in violation of R.C. 2923.162(A)(3), a felony of the third degree.

*State v. Haggins*, Cuyahoga C.P. No. CR-20-654440:

Count 1      Felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree with a three-year firearm specification.

Count 2      Felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree.

Count 6      Theft, in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree.

*State v. Haggins*, Cuyahoga C.P. No. CR-20-654539:

Count 1      Felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1).

{¶ 3} Haggins received a total sentence of 10 to 13 and one-half years. Haggins objected to the portion of the sentence imposed pursuant to S.B. 201 known as the Reagan Tokes Law on the ground that the law is unconstitutional.

{¶ 4} Haggins assigns as error that the Reagan Tokes Law violates the constitutional provisions for the: (1) right to trial by jury; (2) separation-of-powers doctrine; and (3) due process guarantees. Since the filing of Haggins's appeal, the Ohio Supreme Court held in *State v. Maddox*, Slip Opinion No. 2022-Ohio-764,

that constitutional challenges to the Reagan Tokes Act are ripe for review, and this court issued the en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. Based on the authority established by the en banc holding, the challenges advanced by Haggins regarding the constitutional validity of the Reagan Tokes Law have been overruled. *See id*. at ¶ 17-54.

**{¶ 5}** Haggins's assigned errors are overruled. The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR

N.B. Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Laster Mays, J., concurring in part and dissenting in part).